[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION — MOTION FOR REMAND
Plaintiff United Cable Television Services Corporation, doing business under the name TCI Cablevision of Central Connecticut, has appealed the decision of the defendant department of public utility control granting a certificate of public convenience and necessity to provide cable television service in various towns in the Farmington/New Britain area to defendant The FiberVision Corporation of New Britain. Prior to a hearing on the merits of the appeal, plaintiff TCI has moved that the court remand the case to the department for the taking of additional evidence pursuant to General Statutes § 4-183(h). It is that motion which is presently before the court. The court finds the issues in favor of the plaintiff.
In an earlier decision in this case, the court held that the plaintiff's appeal is limited to the issue of the department's alleged failure to comply with the provisions of General Statutes § 16-331(i). That decision subsequently received support in the decision of the Supreme Court in United Cable Television Services Corp.v. Department of Public Utility Control et al,235 Conn. 334 (1995), hereinafter referred to as the "Hartford CT Page 940 appeal." Subsection (i) of section 16-331 provides, in relevant part, as follows:
 Each certificate of public convenience and necessity for a franchise issued pursuant to this section shall be nonexclusive, and each such certificate issued for a franchise in any area of the state where an existing franchise is currently operating shall not contain more favorable terms and conditions than those imposed on the existing franchise.
Plaintiff TCI has received two certificates for a franchise to operate in the area; an initial certificate and a renewal certificate, the latter being the one currently in effect. Both of these certificates permit TCI to operate a cable system in accordance with a t specific franchise agreement, which spells out in detail the services to be provided. By contrast, the department awarded FiberVision the certificate of public convenience and necessity, subject to the later filing and approval by the department of a franchise agreement. FiberVision has filed a proposed franchise agreement, but, as of the date of the plaintiff's motion, the department had not acted to approve or reject it.
In its motion presently before the court, the plaintiff seeks an order remanding the case to the department to require it to add to the record and consider in its decision the plaintiff's renewal franchise agreement and the proposed franchise agreement submitted by FiberVision. The plaintiff contends that this evidence is necessary in order for the department to compare the terms and conditions under which FiberVision will operate to those under which the plaintiff currently operates. Such comparison is required, the plaintiff argues, so that the department can comply with the "level playing field" mandate of § 16-331(i). In order to address the inchoate status of FiberVision's proposed franchise agreement, the plaintiff also requests the court to order the department either to approve or reject it.
Section 4-183(h), the statute invoked by the plaintiff, provides that the court may, in its CT Page 941 discretion, remand the case to the agency for the taking of additional evidence provided the court determines "that the additional evidence is material and that there were good reasons for failure to present it in the (original) proceedings before the agency." The statute provides that the court may determine the conditions under which the additional evidence will be taken. It further provides that, after receiving the additional evidence, the agency may modify its original decision.
The defendants object to the plaintiff's motion on the grounds (1) that there was no good reason for failing to present the evidence at the original proceeding; and (2) that the evidence is not material.
With respect to the failure of TCI to introduce the franchise agreement at the original agency hearing, TCI points out that the agreement was already in the records of the department, having been previously filed with and approved by the agency. Inasmuch as the department was expressly required by statute to consider the terms and conditions under which TCI operates its cable system, for purposes of comparison with FiberVision, TCI's argument that the department should have at least taken notice of the provisions of the TCI franchise has considerable force. Under the particular circumstances of this case, the court concludes that there was sufficient reason to excuse the failure of TCI to introduce the evidence at the original hearing. The court notes, further, that the decision of the Supreme Court in the Hartford appeal appears to support this conclusion. See 235 Conn. at 357.
With respect to the materiality of the requested evidence, Fibervision [FiberVision] argues that the terms of its franchise are only in proposal form and, therefore, do not furnish a basis on which the department could make a decision as to equality of treatment between it and TCI. FiberVision argues further that the document offered by TCI is that company's renewal franchise agreement, which it contends is not comparable to FiberVision's proposed initial agreement.
In the court's view, the text of the statute determines the issue as to what documents are material to the department's level playing field analysis. The CT Page 942 relevant language of section 16-331(i) provides that the "certificate issued (to FiberVision) for a franchise . . . shall not contain more favorable terms or conditions than those imposed on (TCI)." The terms and conditions "imposed on" TCI would seem clearly to be those under which it must currently operate. Accordingly, any document that contains those terms and conditions would be material to the department's analysis. There appears to be no dispute that TCI's renewal franchise agreement is that document. Accordingly, the court concludes that that document is material to the department's required analysis.
The court agrees with all of the parties that the unapproved draft of FiberVision's franchise agreement is not evidence of the terms and conditions under which that company may operate its cable system in the territory. The fact that the department has not yet acted on that proposal and thus finally determined those terms and conditions, however, does not relieve the department of the statutory duty to treat the two competitors equally. If the evidence — i e. an approved franchise agreement — is lacking, so that the department is unable to make the comparison required by § 16-331(i), the department is simply not yet in a position to issue a certificate "for a franchise" to FiberVision.
In accordance with the provisions of § 4-183(h), the case is remanded to the department for the taking of additional evidence. Such evidence shall consist of the franchise agreement approved by the department under which TCI currently operates its cable system in the territory and the franchise agreement approved by the department, if any, under which FiberVision will operate in the territory. In its discretion, the department may take such evidence by administrative notice of documents in its possession in accordance with § 4-178(6) and (7). Prior to rendering a new decision in accordance with § 4-183(h), the department shall afford the parties the opportunity to submit written and oral arguments concerning the effect of the evidence so added. SeeHalpern v. Board of Education, 231 Conn. 308, 314 (1994).
MALONEY, J. CT Page 943